IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

KRISTEEN BROOKE ADAMS          §
                               §
                               §
vs.                            §          CASE NO. 6:24-cv-162-JDK
                               §
                               §
PANOLA COUNTY, *et al.*        §
                               §
                               §

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

On May 2, 2024, the Court ordered Plaintiff to file an amended complaint within thirty days addressing specifically identified deficiencies in the original complaint. ECF 5. Plaintiff received the Order on May 9, 2024. ECF 6. When Plaintiff did not timely file an amended complaint, the Court entered a Report and Recommendation on June 13, 2024, recommending dismissal for failure to prosecute. ECF 7. Plaintiff did not file written objections to the Report. Instead, Plaintiff filed an untimely amended complaint on June 28, 2024. ECF 8.

In the amended complaint, Plaintiff states that she went to see Defendant Tanja Coleman on June 24, 2020, to retrieve property on behalf of her ex-husband, James Allen. Plaintiff states that Ms. Coleman is Mr. Allen's sister. Plaintiff asserts that she received a call later that day from a deputy with the Panola County Sheriff's Department stating that she was no longer welcome on Ms. Coleman's property and issuing a "verbal trespass." Plaintiff alleges that Ms. Coleman later went to the sheriff's department, presented video from her visit on June 24, 2020, and misrepresented it as an additional visit to the property. Plaintiff complains that she was wrongly

charged with a trespass.  The amended complaint identifies the defendants as Panola County Sheriff's Department, Panola County D.A., and Tanja Coleman.

The amended complaint re-asserts the same allegations asserted in the original complaint and does not address the deficiencies that were previously identified by the Court in the order directing Plaintiff to amend the complaint.  The complaint does not allege facts that are sufficient to state a viable claim.  In the original complaint, Plaintiff states that she is seeking relief pursuant to 42 U.S.C. § 1983.  The amended complaint does not identify any other claim for relief. Section1983 states that every person who acts under color of state law to deprive another of constitutional rights shall be liable to the injured party.  Section 1983 suits may be used to sue a state employee using or abusing power that is possessed by virtue of state law to violate a person's constitutional rights.  *See Brown v. Miller*, 631 F.2d 408, 410–11 (5th Cir. 1980).  Here, Plaintiff does not identify an action taken by a state employee under color of state law.  The only individual defendant, Ms. Coleman, is sued for activities taken as a private citizen.

Plaintiff also does not allege facts showing that the sheriff's office or the district attorney's office is a legal entity that may be sued.  The capacity of a governmental entity to sue or be sued in federal court is determined by state law.  *See* FED. R. CIV. P. 17(b).  Under Texas law, a city or county can designate whether its departments or subdivisions can sue or be sued.  *See, e.g., Darby v. Pasadena Police Department*, 939 F.2d 311, 313 (5th Cir. 1991) ("A Texas city is allowed to designate whether one of its own subdivisions can be sued as an independent entity.")  A plaintiff cannot sue a city or county department or subdivision unless it enjoys separate legal existence.  *Id*. To the extent Plaintiff is seeking to sue the county, she must show that an official policy caused an employee to violate her constitutional rights.  *Monell v. Department of Social Services*, 436

U.S. 658, 691, 98 S.Ct. 2018, 2036 (1978).  Plaintiff has not identified an official policy of Panola County that resulted in a violation of her constitutional rights.

Construing the pleading liberally, Plaintiff may be seeking to pursue a claim against an unnamed prosecutor in the Panola County District Attorney's office.  A prosecutor, in his or her individual capacity, enjoys absolute immunity from a § 1983 lawsuit that is brought concerning actions within the scope of the prosecutor's duties. *Imbler v. Pachtman*, 424 U.S. 409, 430–31, 96 S.Ct. 984 (1976); *see also Brooks v. George County, Miss.*, 84 F.3d 157, 168 (5th Cir. 1996). Prosecutors are absolutely immune for "their conduct in 'initiating a prosecution and in presenting the State's case' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486, 111 S.Ct. 1934 (1991) (citations omitted). A prosecutor enjoys qualified immunity for other actions that are "performed in the course of 'administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings.'" *Wooten v. Roach*, 964 F.3d 395, 407 (5th Cir. 2020) (citing *Loupe v. O'Bannon*, 824 F.3d 534, 539 (5th Cir. 2016)). Plaintiff's allegations solely relate to the decision to pursue and present a criminal trespass case against her.  Plaintiff has not alleged facts that would be sufficient to overcome absolute prosecutorial immunity.

Finally, Plaintiff's claims are time-barred.  Plaintiff complains about events that occurred in 2020, but she did not initiate her claims until 2024.  There is no federal statute of limitations for § 1983 actions.  The relevant statute of the forum state furnishes the limitations period, but federal law determines the date the accrual commences. *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573 (1989).  The statute of limitations in Texas for § 1983 actions is two years. *Burrell v. Newsome*, 883 F.2d 416, 419 (5th Cir. 1989); *Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993).  Accrual begins

"when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* at 418.  The limitations period begins to run when the plaintiff discovers her injury and its cause in fact.  *Longoria v. City of Bay City, Texas*, 779 F.2d 1136, 1138 (5th Cir. 1986); *Timberlake v. A.H. Robins Co.*, 727 F.2d 1363, 1366 (5th Cir. 1977).  Stated differently, 1983 claims accrue when "the plaintiff is, or should be, aware of both the injury and its connection with the acts of the defendant."  *Lavellee v. Listi*, 611 F.2d 1129, 1131 (5th Cir. 1980).  "Under federal law, a cause of action accrues the moment the plaintiff knows or has reason to know of the injury that is the basis of his complaint.  Thus, the statute of limitations begins to run from the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured."  *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987).  Documents submitted with the amended complaint show that a complaint was filed on July 23, 2020 and Plaintiff was arrested on May 11, 2021.  At the very least, Plaintiff was aware of her alleged injury on May 11, 2021, approximately three years before she filed this lawsuit.

For these reasons, the complaint should be dismissed with prejudice for failure to state a claim on which relief may be granted.  FED. R. CIV. P. 12(b)(6); 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff has not alleged facts to support a viable claim for relief.

## RECOMMENDATION

It is recommended that the complaint be dismissed with prejudice for failure to state a claim on which relief may be granted.  FED. R. CIV. P. 12(b)(6); 28 U.S.C. § 1915(e)(2)(B)(ii).

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b).  Written objections shall not exceed eight pages.  Local Rule CV-72(c).

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations, and except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 7th day of July, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE